NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 22 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In the Matter of: TERRENCE J. MATTHEWS, <br><br> Debtor. <br><br> ------------------------------ <br><br> TERRENCE J. MATTHEWS, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> DENNIS SALLAZ; et al., <br><br> Defendants-Appellees. | No. 17-35565 <br><br> D.C. No. 1:17-cv-00040-EJL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted February 13, 2018**

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Terrence J. Matthews appeals pro se from the district court's judgment

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

affirming the bankruptcy court's order dismissing Matthews' adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a district court's decision on appeal from a bankruptcy court, and apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court properly dismissed counts 1 and 2 of Matthews' complaint because Matthews failed to allege facts sufficient to state a plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 681 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The bankruptcy court properly dismissed counts 3, 4, and 5 of Matthews' complaint because the bankruptcy court lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine. *See Noel v. Hall*, 341 F.3d 1148, 1163-65 (9th Cir. 2003) (discussing proper application of the *Rooker-Feldman* doctrine); *see also Henrichs v. Valley View Dev.*, 474 F.3d 609, 616 (9th Cir. 2007) (*Rooker-Feldman* doctrine barred plaintiff's claim because the relief sought "would require the

17-35565

district court to determine that the state court's decision was wrong and thus void"). Contrary to Matthews' contention, the extrinsic fraud exception to the *Rooker-Feldman* doctrine does not apply to his claims.

A dismissal under the *Rooker-Feldman* doctrine is a dismissal for lack of subject matter jurisdiction, *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004), and thus should be without prejudice, *Kelly v. Fleetwood Enters., Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004). We affirm the bankruptcy court's dismissal, but remand to the bankruptcy court with instructions to amend the judgment to reflect that the dismissal of claims 3, 4, and 5 is without prejudice.

**AFFIRMED; REMANDED with instructions to amend the judgment.**